**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN MARTINEZ-GUZMAN, | |
| Petitioner, | Civil Action No. 24-2156 (KMW) |
| v. | **OPINION** |
| WARDEN, FCI FORT DIX, | |
| Respondent. | |

**WILLIAMS**, District Judge:

This matter comes before the Court on the Court's *sua sponte* screening of Petitioner Edwin Martinez-Guzman's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. (ECF No. 2.) As Petitioner has now paid the applicable filing fee, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to preliminarily screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, Petitioner's habeas petition shall be dismissed without prejudice for lack of habeas jurisdiction.

## I.  BACKGROUND

Petitioner is a convicted federal prisoner currently confined in FCI Fort Dix. (*See* ECF No. 1 at 1.) In his habeas petition, Petitioner seeks to challenge his prison classification level, specifically the BOP's finding that he fell into the serious history of violence category while Petitioner instead believes he should have been classified into the minor category. (*Id.* at 6-7.)

Petitioner contends that his being misclassified has resulted in a higher than necessary custody classification level, and limits his ability to earn additional credits under the First Step Act. (*Id.* at 14.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.  DISCUSSION

In this matter, Petitioner seeks to challenge his prison classification level, specifically the BOP's finding as to the history of violence factor of his security classification. Habeas jurisdiction under § 2241, however, generally exists only to permit challenges to the fact or duration of an individual's confinement, or challenges to the execution of the terms of a prison sentence. *See, e.g., Butler v. Ortiz*, No. 20-10421, 2022 WL 320672 at *1 (D.N.J. Feb. 2, 2022). Challenges to even erroneous security factor decisions and resulting classification levels are not cognizable under the statute as they do not go to the fact or duration of confinement, nor do they challenge an aspect

of the execution of an imposed sentence. *Id.*; *see also Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017) (claims asserting improper classification factor decisions and resulting higher security classification levels "are not cognizable in a § 2241 petition"). As Petitioner seeks in this matter only to challenge the BOP's history of violence determination and Petitioner's resulting classification,[1] his challenges are not cognizable in this habeas matter, and his petition must be dismissed for lack of habeas jurisdiction as a result. *Briley*, 703 F. App'x at 71.

### IV. <u>CONCLUSION</u>

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of habeas jurisdiction. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

[1] Although Petitioner contends that his allegedly improper classification determination affects his ability to earn credits under the First Step Act, that is simply a consequence of the BOP's classification decision as to Petitioner's history of violence, which is incorporated in the calculation for determining an inmate's entitlement to earn credits. Petitioner thus doesn't truly have a separate claim regarding credits, and in his petition is really only challenging the BOP's classification decision as to his history of violence factor.

3